Jose Raul BLANCO MEJIA; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72270.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.\*

Decided July 19, 2004.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cristian M. Ramorino, Esq., Pasadena, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Margaret Taylor, U.S. Department of Justice, Washington, DC, for Respondent. Agency Nos. A75–530–549, A75–530–550.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Jose Raul Blanco Mejia and Refugio del Carmen Garcia Hernandez, husband and wife, and natives and citizens of El Salvador, petition for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the Immigration Judge's ("IJ") decision denying their motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review denials of motions to reopen for an abuse of discretion, but review de novo purely legal questions, such as due process claims. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The IJ denied Petitioners' applications for asylum, withholding of removal, relief under the Convention Against Torture, and voluntary departure, and ordered them removed to El Salvador. The IJ further found that Petitioners knowingly filed a frivolous asylum application under 8 U.S.C. § 1158(d)(6).

In their motion to reopen, Petitioners conceded that they lied before the IJ, but argued that Petitioners' counsel did not spend enough time with them and failed to rectify the law office manager's previous advice to lie at their removal hearing, and therefore was ineffective. We disagree. The IJ gave Petitioners written and oral notice that if they knowingly filed a frivolous asylum application, they would be forever barred from receiving any benefits under the Immigration and Nationality Act. The IJ caught Petitioners lying, and found their application frivolous. Their motion to reopen was therefore properly denied. *See* 8 U.S.C. § 1158(d)(6).

Petitioners contend that the BIA's summary affirmance without opinion violates due process because they submitted new information to the BIA that the IJ's decision does not address. The contention lacks merit because the new information does not change the reasoning or result of the IJ's decision. *See Falcon Carriche v.*

*Ashcroft,* 350 F.3d 845, 853–55 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.